UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ERIC WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 3:20-CV-32 |
| v. ) | - |
| ) | COMPLAINT |
| ) | |
| MIDWEST MOTION, INC. d/b/a ) | |
| MIDWEST PC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Eric White ("Plaintiff" or "White"), by counsel, Jonathan G. Chance, brings this action against Defendant Midwest Motion, Inc. d/b/a Midwest PC ("MWM" or "Defendant"), and states as follows:

**SUMMARY**

1. Defendant has failed to pay Plaintiff in accordance with the Fair Labor Standards Act ("FLSA"). Specifically, Defendant failed to pay Plaintiff all of the overtime wages he was entitled to be paid under the FLSA.

2. Furthermore, Defendant has failed to pay Plaintiff various wages to which he was entitled under the Indiana Wage Claim Act, Ind. Code § 22-2-5-1 et seq.

3. Plaintiffs brings this action pursuant to 29 U.S.C. §216(b).

## THE PARTIES

4. Plaintiff is an individual and a United States citizen who has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Evansville Division, at all times relevant to this action.  He was employed by Defendant MWM within the meaning of the FLSA within a thirty-six (36) month period preceding the filing of this Complaint.  At all times, relevant, Plaintiff was an individual employee who was engaged in commerce or in the production of goods and/or services as required by 29 U.S.C. §206.

5.  Defendant MWM operates an automation technology company which is a for-profit Indiana corporation.  At all times relevant, Defendant MWM has maintained and still maintains an office and conducts business within the Southern District of Indiana, Evansville Division. Defendant MWM is an employer within the meaning of 29 U.S.C. §203(d). Defendant's principal place of business is located at 921 Park Street, Evansville, Indiana 47710.

## JURISDICTION AND VENUE

6.  This Court has federal jurisdiction over this action pursuant to 28 U.S.C. §216(b) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

7.  This Court may exercise personal jurisdiction over Defendant because Defendant resides and/or conducts business in Vanderburgh County, Indiana, and the events giving rise to the claims in this Complaint occurred within the Southern District of Indiana, Evansville Division.

## FLSA COVERAGE

8. At all times relevant, Plaintiff, during his employment with Defendant MWM, has been engaged in interstate commerce within the meaning of 207(a) of the FLSA, 29 U.S.C. §207(a)(1).

9. At all times relevant as an employee of Defendant MWM, Plaintiff regularly produced goods to be sent outside the State of Indiana, regularly communicated, through telephone or email, to Defendant MWM's customers located outside the State of Indiana, and regularly travelled outside the State of Indiana to perform job duties at Defendant MWM's clients' work sites in other states.

## STATEMENT OF FACTS

10. Plaintiff worked as an employee of Defendant MWM from approximately March 6, 2012 until October 25, 2019. During this time period, Plaintiff regularly and routinely worked in excess of forty (40) hours per week. During this time period, Defendant MWM failed to pay Plaintiff one and one-half times his regular rate of hourly pay for overtime hours as required under the FLSA, 29 U.S.C. §207(a)(1).

11. During the relevant time period, Defendant MWM, without justification, paid Plaintiff for some but not all overtime hours worked in excess of forty (40) hours per work. On other occasions, during the same relevant time period, Defendant failed to pay Plaintiff for all regular (non-overtime) hours Plaintiff worked. Upon information and belief, Defendant MWM misclassified other employees as exempt employees under the FLSA and, on that basis, refused to pay them overtime for hours worked in excess of forty (40) hours per week.

12. During the time period he was employed with Defendant MWM as a Controls and Automation Engineer, Plaintiff did not perform the job duties of an exempt computer-related professional under 29 U.S.C. §213(a)(7) and 29 C.F.R. §541.303.

13. Defendant's failure to pay Plaintiff overtime was not a mere oversight on Defendant's part. Defendant was fully aware that Plaintiff worked in excess of forty (40) hours per week and Defendant knowingly failed to pay Plaintiff overtime wages. Defendant MWM, through its agents and/or officers routinely told Plaintiff that he should make these financial sacrifices "for the company." Defendant's failure to pay the overtime hours due Plaintiff was therefore willful.

14. Upon information and belief, Plaintiff estimates that Defendant failed to pay him for the following regular and overtime hours during the following pay periods:

a. January 2, 2017 to January 15, 2017: Defendant failed to pay Plaintiff for 8 overtime hours worked and failed to pay Plaintiff 35 regular pay hours at his regular hourly rate of $35.00 per hour.

b. January 16, 2017 to January 29, 2017: Defendant failed to pay Plaintiff for 7 overtime hours worked and failed to pay Plaintiff 3.5 regular pay hours at his regular hourly rate of $35.00 per hour.

c. February 27, 2017 to March 12, 2017: Plaintiff worked approximately 118 hours during this pay period and was paid only his regular hourly rate of $35 per hour and no overtime pay during that pay period.

d. May 22, 2017 to June 4, 2017: Defendant failed to pay Plaintiff 8 hours regular pay at his regular hourly rate of $35.00 per hour.

e. August 14, 2017 to August 27, 2017-Defendant failed to pay Plaintiff 12 overtime hours.

f. August 28, 2017 to September 10, 2017: Defendant failed to pay Plaintiff for 8 hours regular hourly pay at his regular hourly rate of $35.00 per hour.

g. September 11, 2017 to September 24, 2017: Defendant failed to pay Plaintiff for 11.5 regular hours at his regular hourly rate of $35.00 per hour and failed to pay him for 20 overtime hours.

h. November 6, 2017 to November 19, 2017: Defendant failed to pay Plaintiff for 22.5 regular hours at his regular hourly rate of $35.00 per hour and 17 overtime hours.

i. December 18, 2017 to December 31, 2017: Defendant failed to pay Plaintiff for 15 regular hours at his regular hourly rate of $35.00 per hour.

j. January 1, 2018 to January 14, 2018: Defendant failed to pay Plaintiff for 8 regular hours at his regular hourly rate of $35.00 per hour.

k. January 9, 2018 to February 11, 2018: Defendant failed to pay Plaintiff for 28.5 of his regular hours at his regular hourly rate of $35.00 per hour and 26.5 overtime hours.

l. March 12, 2018 to March 25, 2018: Defendant failed to pay Plaintiff for 4 overtime hours.

m. August 27, 2018 to September 23, 2018: Defendant failed to pay Plaintiff for 3 overtime hours.

n. September 10, 2018 to September 23, 2018: Defendant failed to pay Plaintiff for 9.5 overtime hours.

o. September 24, 2018 to October 7, 2018: Defendant failed to pay Plaintiff for 2.5 of his regular hours at his regular hourly rate of $35.00 per hour.

p. December 30, 2018: Defendant failed to pay Plaintiff for his accrued vacation time which was equal to 40 regular hours at his regular hourly rate of $35.00 per hour.

q. March 11, 2019 to March 24, 2019:  Defendant failed to pay Plaintiff for 9 hours at his regular hourly rate of $37.50 per hour.

r. March 25, 2019 to April 7, 2019:  Defendant failed to pay for 4 hours at his regular hourly rate of $37.50 per hour and for 10 overtime hours.

s. May 6, 2019 to May 19, 2019:  Defendant failed to pay Plaintiff for 40 hours at his regular hourly rate of $37.50 per hour.

t. July 15, 2019 to July 28, 2019: Defendant failed to pay Plaintiff for 10.5 overtime hours.

u. July 29, 2019 to August 11, 2019: Defendant failed to pay Plaintiff for 15.75 overtime hours.

v. October 15, 2019:  Defendant failed to pay for 8 regular hours vacation pay accrued from March 25, 2010 to March 31, 2019 at his regular hourly rate of $37.50 per hour.

15. Despite routinely being required to work more than forty (40) hours per week for various MWM client projects per week, Defendant MWM failed to accurately record the number of regular and overtime hours Plaintiff worked, as required by the FLSA.

16. For at least three (3) years before he resigned, Plaintiff had raised his objections to Defendants about the amount of hours he was working and Defendants' failure to pay him overtime.  Defendants never corrected this payment situation and Plaintiff resigned from Defendants' employment on October 25, 2019.

## COUNT I
## FAILURE TO PAY OVERTIME UNDER THE FLSA
## 29 U.S.C. § 207 ET SEQ.

17. Plaintiff incorporates by reference his previous allegations in paragraph 1 to 16, above.

18. During the relevant time period, Defendant MWM violated the provisions of 29 U.S.C. §207(a)(1) by employing Plaintiff without compensating Plaintiff at least one and one-half times his regular rate of pay for all the overtime hours he worked as detailed in paragraph 14, above.  Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

19. Plaintiff also seeks liquidated damages and attorney's fees and costs under the FLSA.

## COUNT II
## FAILURE TO PAY WAGES UNDER INDIANA WAGE CLAIM ACT
## IND. CODE §22-2-5-1, ET. SEQ.

20. Plaintiff incorporates by reference his previous allegations in paragraphs 1 to 19, above.

21. As previously pleaded above, Defendant, on various occasions during the relevant time period, failed to pay Plaintiff certain regular wages within ten (10) days of the end of each month when they were earned.

22. Defendant further failed to pay Plaintiff various bonuses that Plaintiff earned during the relevant time period.  These bonuses were to be paid to Plaintiff for helping to sell new project work to a client.  These bonuses were accrued upon the client's new project being completed.  These bonuses were to be paid at the completion of that particular project or by no later than the end of that calendar year in which the client's project was completed.  These bonuses were not payable at the discretion of Defendant but were earned and payable immediately after the client paid a retainer for the new project to which Plaintiff was assigned.

23. Plaintiff's bonuses were to be anywhere from 1.5% to 4% of the new project's retainer. These bonuses were not tied to Defendant's profits.

24. These bonuses are therefore considered wages under the Indiana Wage Claim Act.

25. Upon information and belief, Plaintiff alleges he had earned the following bonuses during the relevant time period of his employment with Defendant:

    a. Crestline L4 stacking project-$7,643.00;

    b. Schott Glass project-$1,410.00;

    c. Champion Labs project-$1,800.00;

    d. Toyota 500B project-$9,015.00

    e. Add-on project for Toyota 500B project-$1,500.00; and

    f. Line 8 Nipper Server-$1,050.00

26. Notwithstanding the fact that Plaintiff had earned each of the above bonuses, Defendant failed to pay these wages to Plaintiff within ten (10) days after the end of each month when they were earned and/or failed to pay them by the end of the calendar year in which they were earned in violation of the Wage Payment Act.

27. Finally, Defendant failed to pay Plaintiff for accrued vacation time, as pleaded above.

28. Plaintiff further seeks liquated damages and attorney's fees in connection with his claims for non-payment under Indiana's Wage Payment Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order finding that Defendant violated the FLSA and is liable to Plaintiff for all unpaid overtime, for liquidated

damages equal in the amount to the unpaid overtime found due Plaintiff, costs of this action, and attorney's fees.

Plaintiff further respectfully requests that the Court enter an Order finding that Defendant violated the Indiana Wage Payment Act and is liable to Plaintiff for all unpaid wages, for liquidated damages equal in the amount to the unpaid wages found due Plaintiff, costs of this action, and attorney's fees.

Plaintiff finally requests this Court for such further relief as may be necessary and appropriate.

                                        Respectfully submitted,

Date: <u>February 12, 2020</u>

                                        <u>/s/</u>Jonathan G. Chance
                                        JC LAW OFFICES
                                        123 N.W. 4th Street, Suite 10
                                        Evansville, IN 47708
                                        Tel. (812) 301-1282
                                        Fax (812) 301-1314
                                        Email jc@jc-law.com
                                        Attorney for Plaintiff Eric White

## **DEMAND FOR JURY TRIAL**

      Plaintiff, by counsel, Jonathan G. Chance, hereby demands a trial by jury on all issues deemed so triable.

                                  Respectfully submitted,

                                  /s/Jonathan G. Chance
                                  JC LAW OFFICES
                                  123 N.W. 4th Street, Suite 10
                                  Evansville, IN 47708
                                  Tel. (812) 301-1282
                                  Fax (812) 301-1314
                                  Email jc@jc-law.com
                                  Attorney for Plaintiff Eric White